## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH PRICE, individually and on behalf of similarly situated persons, | ) ) ) | Case No. |
| Plaintiff, | ) | |
| v. | ) ) | |
| MICHAEL BOMMARITO, LAWRENCE LAVIGNE, PAUL DUDGEON, MICHAEL SERRA, ANTIOCH PIZZA, LLC, PIZZA TITANS, INC., PIZZA TITANS II, INC., PIZZA TITANS III, INC., CLARKSVILLE PIZZA, LLC, CLARKSVILLE PIZZA #2, LLC, COOKEVILLE PIZZA, LLC, GOODLETTS VILLE PIZZA, INC., MLP, LLC, WEST END PIZZA, INC., BELLEVUE PIZZA, INC., GREEN HILLS PIZZERRIA, LLC, SMYRNA PIZZA, INC., WEST NASHVILLE PIZZA, LLC, COMSTOCK PIZZA, INC., EGR PIZZA, LLC, BELTLINE PIZZA, INC., D & A LAKE PIZZA, INC., ZEELAND CITY PIZZA, LLC, S & P PIZZA, INC., BYRON CENTER PIZZA, LLC, CASCADE PIZZA, LLC, CEDAR SPRINGS PIZZA, LLC, DUDGEON, INC., FOREST HILLS PIZZA, LLC, GREEN-VILLE PIZZA, LLC, HASTINGS PIZZA, LLC, P.G.L. INCORPORATED, IONIA PIZZA, LLC, KAZOO PIZZA ONE, INC. KAZOO PIZZA TWO, INC. &  LUDINGTON PIZZA, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## **COMPLAINT**

Plaintiff Deborah Price, individually and on behalf of all other similarly situated delivery drivers, for her Complaint against Defendants, alleges as follows:

1.   Defendants together operate at least 39 Jet's Pizza franchise stores in Missouri, Michigan and Tennessee. Defendants employ delivery drivers who spend at least 20% of their work time performing non-tipped duties. But, Defendants pay their delivery drivers a sub-minimum tipped wage for *all* of their work time.

2.   Defendants' delivery drivers drive their own automobiles to deliver pizza and other food items to Defendants' customers. Instead of reimbursing their delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants utilize a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their drivers' wages to fall below the federal minimum wage during some or all workweeks and cause their Missouri drivers' wages to fall below the Missouri minimum wages during some or all workweeks.

3.   Plaintiff Deborah Price brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Missouri Minimum Wage Law ("MMWL"), R.S. Mo. § 290.500, *et seq.*, to recover unpaid minimum wages owed to herself and similarly situated delivery drivers employed by Defendants at their Jet's Pizza stores.

**Jurisdiction and Venue**

4.  The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b), 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (pendent claims).

5.  Venue in this District is proper under 28 U.S.C. § 1391 because Defendants operate Jet's Pizza franchise stores in this district, Defendants employed Plaintiff in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

**Parties**

6.  Defendant Michael Bommarito is a *sui juris* individual residing in Michigan who, along with other individual Defendants, owns and operates a chain of Jet's Pizza franchise stores in Ballwin, Chesterfield, Creve Coeur, St. Louis and Webster Groves, Missouri, which are all located within the Eastern Division of the Eastern District of Missouri.

7.  Defendant Lawrence Lavigne is a *sui juris* individual who, along with other individual Defendants, owns and operates a chain of Jet's Pizza franchise stores in Ballwin, Chesterfield, Creve Coeur, and Webster Groves, Missouri, which are all located within the Eastern Division of the Eastern District of Missouri.

8. Defendant Paul Dudgeon is a *sui juris* individual who, along with other individual Defendants, owns and operates a chain of Jet's Pizza franchise stores in Ballwin, Chesterfield, Creve Coeur, St. Louis and Webster Groves, Missouri, which are all located within the Eastern Division of the Eastern District of Missouri.

9. Defendant Michael Serra is a *sui juris* individual who, along with other individual Defendants, owns and operates a chain of Jet's Pizza franchise stores in Ballwin, Chesterfield, Creve Coeur, St. Louis and Webster Groves, Missouri, which are all located within the Eastern Division of the Eastern District of Missouri.

10. Defendants Comstock Pizza, Inc., Beltline Pizza, Inc., D & A Lake Pizza, Inc., Dudgeon, Inc., Kazoo Pizza One, Inc., Kazoo Pizza Two, Inc., P.G.I. Incorporated and S & P Pizza, Inc. are Michigan corporations that operate Jet's Pizza franchise stores in Michigan.

11. Defendants Byron Center Pizza, LLC, Cascade Pizza, LLC, Cedar Springs Pizza, LLC, EGR Pizza, LLC, Forest Hills Pizza, LLC, Greenville Pizza, LLC, Hastings Pizza, LLC, Ionia Pizza, LLC, Luddington Pizza, LLC and Zeeland City Pizza, LLC are Michigan limited liability companies that operate Jet's Pizza franchise stores in Michigan.

12. Defendants Belleville Pizza, Inc., Goodletts Ville Pizza, Inc., Pizza Titans, Inc., Pizza Titans II, Inc., Pizza Titans III, Inc., Smyrna Pizza, Inc. and West End Pizza, Inc. are Tennessee corporations that operate Jet's Pizza franchise stores in Tennessee.

13. Defendants Antioch Pizza, LLC, Clarksville Pizza, LLC, Clarksville Pizza # 2, LLC, Cookeville Pizza, LLC, Green Hills Pizzeria, LLC and MLP, LLC are Tennessee limited liability companies that operate Jet's Pizza franchise stores in Tennessee.

14. Defendants form a single integrated enterprise as they share functional interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control.

15. Alternatively, Defendants constitute joint employers as they share the power to hire and fire the employees, supervision and control of the employees' work schedules or conditions of employment, determination of the rate and method of payment, and maintenance of the plaintiffs' employment records.

16. The individual Defendants are liable both as (a) personal owners and operators of Jet's Pizza stores and (b) managers who qualify as "employers" under the broad definitions provided by the FLSA and MMWL because they own the Defendant entities, hold operational control over the Defendant entities, control the terms and conditions of Plaintiffs' employment including compensation and pay practices, and have ability to hire and fire employees. 29 U.S.C. § 203(d); R.S. Mo. § 290.500(4).

17. Plaintiff Deborah Price was employed by Defendants as a delivery driver from approximately November 2014 to January 2015 at Defendants' Jet's Pizza store in Creve Coeur, Missouri, which is located within the Eastern Division of the Eastern District of

Missouri.  Ms. Price's consent to bring this action pursuant to 29 U.S.C. § 216(b) is attached hereto as "Exhibit 1."

## General Allegations

*Defendants' Business*

18. Defendants own and operate at least 39 Jet's Pizza franchise stores in Missouri, Michigan and Tennessee.

19. Defendants' Jet's Pizza stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

20. Defendants' delivery drivers also spend more than 20% of their work time in their pizza shops performing non-tipped duties that are routinely assigned, such as answering telephones, preparing food orders, preparing ingredients, folding pizza boxes, washing dishes and cleaning.

*Defendants' Pay Practices*

21. Defendants have paid their delivery drivers a sub-minimum tipped wages of approximately $5.00 to $5.50 per hour for *all* their work time, including all time the delivery drivers spent performing non-tipped duties.

*Defendants' Flawed Reimbursement Policy*

22. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

23. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendants.

24. Defendants' delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but given the distance of the average delivery the per-delivery reimbursement equates to a per mile rate far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

25. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

26. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.555 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the American Automobile Association ("AAA"), have determined that the average cost of owning and operating a vehicle ranged between $.585 and $.608 per mile from 2012 to 2014 for drivers who drive a sedan 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

27. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

28. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

29. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

30. Defendants fail to reasonably approximate the amount of their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage requirements.

31. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

**Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations**

32. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

33. Defendants paid Plaintiff Price $5.50 per hour during her employment, plus a purported tip credit applicable to all of her work time.

34. The federal minimum wage has been $7.25 per hour since July 24, 2009.

35. The Missouri minimum wage has been $7.25 per hour from July 24, 2009 through 2013, $7.50 per hour in 2014, and $7.65 per hour in 2015.

36. During Plaintiff's employment by Defendants, the per-delivery reimbursement rate at the store where Plaintiff worked was approximately $1.25 per delivery.

37. During her employment with Defendants, Plaintiff experienced an average round-trip delivery distance of at least 5 miles per delivery.

38. Thus, Defendants' average effective reimbursement rate for Plaintiff was approximately $.25 per mile ($1.25 per delivery / 5 average miles per delivery).

39. During this same time period, the IRS business mileage reimbursement rate was at least $.56 per mile, which reasonably approximated the automobile expenses

9

incurred delivering pizzas. Using the IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased Plaintiff's net wages by approximately $.31 per mile ($.56 - $.25). Considering Plaintiff's estimated average of about 5 miles per delivery, Defendants under-reimbursed her about $1.55 per delivery ($.31 per mile x 5 miles).

40. During this same time period, AAA's published cost of driving a small sedan 15,000 miles per year was $.464 per mile, which also reasonably approximated Plaintiff's automobile expenses incurred delivering pizzas. Using this AAA rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased her net wages by approximately $.214 per mile ($.464 - $.25). Considering Plaintiff's estimated average of about 5 miles per delivery, Defendants under-reimbursed her about $1.07 per delivery ($.214 per mile x 5 miles).

41. During her employment by Defendants, Plaintiff typically averaged approximately 2 deliveries per hour.

42. Thus, depending on whether Defendants' reimbursement rate is compared to the IRS rate or to the AAA rate, Plaintiff consistently "kicked back" to Defendants between approximately $2.14 per hour ($1.07 per delivery x 2 deliveries per hour) and $3.10 ($1.55 per delivery x 2 deliveries per hour), for an effective 2014 hourly wage rate (assuming for this calculation only that Defendants lawfully invoked and

administrated their purported tip credit) of about $4.40 ($7.50 per hour - $3.10 kickback) to $5.36 ($7.50 per hour - $2.14 kickback).

43. All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the applicable federal or state minimum wage before deducting unreimbursed business expenses.

44. Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the federal and state minimum wage (assuming for this purpose only that Defendant's tip credit was lawfully invoked and administered), and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

45. While the amount of Defendants' actual reimbursements per mile may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Jet's Pizza stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

46. Defendants' low reimbursement rates were a frequent complaint of at least some of Defendants' delivery drivers, including Plaintiff, yet Defendants continued to

reimburse at a rate much less than any reasonable approximation of delivery drivers'
automobile expenses.

47. The net effect of Defendants' flawed reimbursement policy is that they willfully
fail to pay the federal minimum wage to their delivery drivers. Defendants thereby
enjoy ill-gained profits at the expense of their employees.

### Class and Collective Action Allegations

48. Plaintiff brings Counts I and III under the FLSA as an "opt-in" collective action
on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

49. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29
U.S.C. § 216(b).

50. Plaintiff, individually and on behalf of other similarly situated employees, seeks
relief on a collective basis challenging Defendants' practice of failing to pay employees
federal minimum wage. The number and identity of other plaintiffs yet to opt-in may
be ascertained from Defendants' records, and potential class members may be notified
of the pendency of this action via mail or e-mail.

51. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

    a.    They have worked as delivery drivers for Defendants delivering pizza
and other food items to Defendants' customers;

    b.    They have spent more than 20% of their work time performing non-tipped
duties that are routinely assigned;

c.      They have been paid a sub-minimum tipped wage for all of their work time, including time spent performing non-tipped duties;

d.      They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

e.      Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

f.      They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

g.      They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

h.      They were subject to the same pay policies and practices of Defendants;

i.      They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

j.      They were reimbursed similar set amounts of automobile expenses per delivery; and

k.      They were paid similar wage rates.

52. Plaintiff brings Counts II and IV as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and as the Class Representatives of the following persons (the "Class"):

> All current and former delivery drivers employed by Defendants in the State of Missouri since the date two years preceding the filing of this Complaint.

53. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class.

54. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

55. The Class satisfies the numerosity standard as it consists of at least hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

56. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

a. Whether Defendants failed to pay Class members the minimum wage required by Missouri law;

b. Whether Defendants' delivery drivers spent at least 20% of their work time performing non-tipped duties that were routinely assigned;

c.    Whether Defendants' paid their delivery drivers sub-minimum wages for time they spend performing non-tipped duties that were routinely assigned;

d.    Whether Defendants failed to reasonably reimburse Class members for using their own vehicles to deliver Defendants' pizzas and other food items;

e.    Whether Defendants' formula and / or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the Class members; and

f.    Whether Defendants failed to keep accurate records of deductions from Class members' wages in violation of Missouri law.

57. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

58. Plaintiff's claim is typical of those of the Class in that:

a.    Plaintiff and the Class have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b.    Plaintiff and the Class have spent at least 20% of their work time performing non-tipped duties;

c.      Defendants have paid Plaintiff and the Class a sub-minimum tipped wages for the time they spent performing non-tipped duties;

d.      Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendants;

e.      Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

f.      Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendants;

g.      Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

h.      Plaintiff and the Class were subject to the same pay policies and practices of Defendants;

i.      Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

j.      Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per mile; and

      k.      Plaintiff and the Class were paid at similar wage rates before deducting unreimbursed vehicle expenses.

59. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class.

60. Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of the members of the Class she seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

61. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

62. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could

result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I: Violation of the Fair Labor Standards Act of 1938 by Paying Sub-Minimum Wages For Time Spent Performing Non-Tipped Duties

63. Plaintiff reasserts and re-alleges the allegations set forth above.

64. Defendants are subject to the FLSA's minimum wage requirements because they constitute an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

65. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

66. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

67. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

68. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009. *Id.*

69. Employees who spend more than 20% of their work time performing non-tipped duties that are routinely assigned, such as general preparation and maintenance work, cannot be considered "tipped employees" with respect to whom the employer may utilize a tip credit during the time spend performing non-tipped duties. 29 C.F.R. § 531.56(e); DOL Field Operations Handbook § 30d00(e).

70. Plaintiff and Defendants' other delivery drivers have engaged in non-tipped general preparation and maintenance activities which consumed more than 20% of their work time, such as answering telephones, preparing orders, preparing ingredients, folding pizza boxes, washing dishes and cleaning.

71.    Defendants have not paid their delivery drivers the full applicable minimum wage for the time they have spent performing these non-tipped general preparation and maintenance tasks; consequently, Plaintiff and the other delivery drivers consistently worked without required pay.

72. Plaintiff and all similarly situated delivery drivers are entitled to damages equal to the mandated full minimum wage and the tip credit wage provided within the three years preceding the filing of the Complaint, plus period of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for whether their conduct was prohibited by the FLSA.

73. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result

thereof, Plaintiff and other similarly situated delivery drivers are entitled to recover an award of liquidated damages in an amount equal the full minimum wage and the tip credit wage for all time spent performing non-tipped duties. Alternatively, should the Court find Defendants acted in good faith or with reasonable grounds in failing to pay the minimum wage, Plaintiff and all similarly situated delivery drivers are entitled to an award of prejudgment interest at the applicable legal rate.

74. As a result of the aforesaid willful violations of the FLSA's pay provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated delivery drivers. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II: Violation of the Missouri Minimum Wage Law by Paying Sub-Minimum Wages For Time Spent Performing Non-Tipped Duties

75. Plaintiff reasserts and re-alleges the allegations set forth above.

76. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the MMWL, R.S. Mo. § 290.500, *et seq.*

77. The MMWL regulates, among other things, the payment of minimum wage by employers who employ any person in Missouri, subject to limited exemptions not applicable herein. R.S. Mo. §§ 290.502 & 290.500(3) & (4).

78. During all times relevant to this action, Defendants were the "employers" of Plaintiff and the Class within the meaning of the MMWL. R.S. Mo. § 290.500(3) & (4).

79. During all times relevant to this action, Plaintiff and the Class were Defendants' "employees" within the meaning of the MMWL. R.S. Mo. § 290.500(3).

80. Pursuant to the MMWL, employees have been entitled to be compensated, with or without a tip credit, at a rate of $7.25 per hour from July 24, 2009 through December 31, 2013, at a rate of $7.50 per hour during 2014, and at a rate of $7.65 per hour since January 1, 2015. http://labor.mo.gov/DLS/MinimumWage.

81. Defendants, pursuant to their policy and practice, violated Missouri's wage and hour laws by refusing and failing to pay Plaintiff and other similarly situated delivery drivers the full minimum wage for time spend performing general preparation and maintenance work. 29 C.F.R. § 531.56(e); DOL Field Operations Handbook § 30d00(e); 8 CSR § 30-4.010(1) (incorporating federal regulations and interpretive rules into MMWL).

82. Plaintiff and the Class are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the MMWL, has been applied, and continues to be applied, to all Class members.

83. Plaintiff and all similarly situated delivery drivers are entitled to damages equal to the full minimum wage due within two years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages. R.S. Mo. § 290.527.

84. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

85. Defendants are liable pursuant to R.S. Mo § 290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count III: Violation of the Fair Labor Standards Act of 1938 by Paying Sub-Minimum Net Wages After Deducting Un-Reimbursed Vehicle Expenses

86. Plaintiff reasserts and re-alleges the allegations set forth above.

87. Defendants are subject to the FLSA's minimum wage requirements because they form an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

88. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

89. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

90. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

91. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

92. As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

93. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

94. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

95. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

96. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

97. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

98. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count III Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count IV: Violation of the Missouri Minimum Wage Law by Paying Sub-Minimum Net Wages After Deducting Un-Reimbursed Vehicle Expenses

99. Plaintiff reasserts and re-alleges the allegations set forth above.

100.    At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the MMWL, R.S. Mo. § 290.500, *et seq.*

101.    The MMWL regulates, among other things, the payment of minimum wage by employers who employ any person in Missouri, subject to limited exemptions not applicable herein. R.S. Mo. §§ 290.502 & 290.500(3) & (4).

102.    During all times relevant to this action, Defendants were the "employers" of Plaintiff and the Class within the meaning of the MMWL. R.S. Mo. § 290.500(3) & (4).

103.    During all times relevant to this action, Plaintiff and the Class were Defendants' "employees" within the meaning of the MMWL. R.S. Mo. § 290.500(3).

104.    The MMWL exempts certain categories of employees from Missouri's minimum wage and other obligations, none of which apply to Plaintiff or the Class. *Id.*

105.    Pursuant to the MMWL, employees have been entitled to be compensated, with or without a tip credit, at a rate of $7.25 per hour from July 24, 2009 through December 31, 2013, at a rate of $7.50 per hour during 2014, and at a rate of $7.65 per hour since January 1, 2015. http://labor.mo.gov/DLS/MinimumWage.

106.    Defendants, pursuant to their policy and practice, violated the MMWL by refusing and failing to pay Plaintiff and the Class minimum wage after deduction of un-reimbursed vehicle expenses incurred on the job.

107.    Plaintiff and the Class are victims of a uniform and employer-based compensation policy. On information and belief, this uniform policy, in violation of the MMWL, has been applied, and continues to be applied, to all Class members in Defendants' other Jet's Pizza stores in Missouri.

108.    Plaintiff and all similarly situated employees are entitled to actual damages equal to the difference between the minimum wage and actual wages received after deduction for un-reimbursed vehicle expenses within the two years preceding the filing of this Complaint. R.S. Mo. § 290.527.

109.    Plaintiff and all similarly situated employees are entitled to liquidated damages equal to the difference between the minimum wage and actual wages received after deduction for un-reimbursed vehicle expenses within the two years preceding the filing of this Complaint. *Id.*

110.    Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

111.    Defendants are liable for Plaintiff's costs an attorney's fees incurred in this action. *Id.*

WHEREFORE, on Count IV of this Complaint, Plaintiff and the Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated:      April 20, 2015                    Respectfully submitted,

**PAUL McINNES LLP**                          **WEINHAUS & POTASHNICK**
Richard M. Paul III (MO Bar #44233)           ____/s Mark Potashnick_____
(*pro hac vice* forthcoming)                  Mark A. Potashnick (MO Bar # 41315)
Jack D. McInnes (MO Bar #56904)               11500 Olive Blvd., Suite 133
(*pro hac vice* forthcoming)                  St. Louis, Missouri 63141
601 Walnut, Suite 300                         Telephone:    (314) 997-9150
Kansas City, Missouri 64106                   Facsimile:     (314) 997-9170
Telephone:    (816) 984-8100                  markp@wp-attorneys.com
Facsimile:     (816) 984-8101
paul@paulmcinnes.com
mcinnes@paulmcinnes.com

**ATTORNEYS FOR PLAINTIFF**